U.S. DISTRICT COURT
DISTRICT OF VERMONT
FILED

2015 MAR 19 PM 2:30

CLERK
BY
DEPUTY CLERK

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF VERMONT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Criminal No. 5:15-CR-27 |
| | ) | |
| GARY DELIMA, aka "G," aka "Greg," | ) | |
| SHARIF CARGO, aka "Jeff," aka "Reef," | ) | |
| STEFAN W. WILLIAMS, aka "Shy," aka "Sam," | ) | |
| aka "S-Dot," | ) | |
| ZABION BRYANT, | ) | |
| TROY CONLEY, aka "Little Ty," | ) | |
| DOMINIQUE PERRY, aka "Adam," | ) | |
| DARRYL NUMA, | ) | |
| ANTHONY BROWN, aka "AB" | ) | |
| RANDI DURKIN, | ) | |
| SHERRI LOSO, | ) | |
| TINA FRANCIS, aka "Tina Bushy," and | ) | |
| SARA WHRITENOUR, | ) | |
|     Defendants. | ) | |

## SUPERSEDING INDICTMENT

### Count 1

The Grand Jury charges that:

From in or about March of 2014 until in or about March of 2015, in the District of Vermont and elsewhere, the defendants, GARY DELIMA, aka "G," aka "Greg," SHARIF CARGO, aka "Jeff," aka "Reef," STEFAN W. WILLIAMS, aka "Shy," aka "Sam," aka "S-Dot," ZABION BRYANT, TROY CONLEY, aka "Little Ty," DOMINIQUE PERRY, aka "Adam," DARRYL NUMA, ANTHONY BROWN, aka "AB," RANDI DURKIN, SHERRI LOSO, TINA FRANCIS, aka "Tina Bushy," SARA WHRITENOUR, and others, known and unknown to the grand jury, knowingly and willfully conspired to distribute heroin, a Schedule I controlled substance, and cocaine base, a Schedule II controlled substance.

1

With respect to defendants GARY DELIMA, aka "G," aka "Greg," and SHARIF CARGO, aka "Jeff," aka "Reef," their conduct as members of the conspiracy, including the reasonably foreseeable conduct of other members of the conspiracy, involved 28 grams or more of a mixture and substance containing a detectable amount of cocaine base.

(21 U.S.C. §§ 841(a), 841(b)(1)(B), and 846)

## Count 2

The Grand Jury further charges that:

On or about April 9, 2014, in the District of Vermont, the defendant, STEFAN W. WILLIAMS, aka "Sam," aka "Shy," aka, "S-Dot," knowingly and intentionally distributed heroin, a Schedule I controlled substance.

(21 U.S.C. §§ 841(a), 841(b)(1)(C))

## Count 3

The Grand Jury further charges that:

On or about April 28, 2014, in the District of Vermont, the defendant, DOMINIQUE PERRY, aka "Adam," knowingly possessed a firearm, that is, a nine millimeter Sig Sauer semi-automatic handgun, that had been shipped and transported in interstate commerce, from which the manufacturer's serial number had been removed, altered, and obliterated.

(18 U.S.C. § 922(k))

## Count 4

The Grand Jury further charges that:

On or about July 31, 2014, in the District of Vermont, the defendant, STEFAN W. WILLIAMS, aka "Sam," aka "Shy," aka, "S-Dot," knowingly and intentionally distributed cocaine base, a Schedule II controlled substance.

(21 U.S.C. §§ 841(a), 841(b)(1)(C))

## Count 5

The Grand Jury further charges that:

On or about August 29, 2014, in the District of Vermont, the defendant, TINA FRANCIS, aka "Tina Bushy," knowingly and intentionally distributed cocaine base, a Schedule II controlled substance.

(21 U.S.C. §§ 841(a), 841(b)(1)(C))

## Count 6

The Grand Jury further charges that:

On or about October 22, 2014, in the District of Vermont, the defendant, TROY CONLEY, aka "Little Ty," knowingly and intentionally distributed heroin, a Schedule I controlled substance.

(21 U.S.C. §§ 841(a), 841(b)(1)(C))

## Count 7

The Grand Jury further charges that:

On or about October 23, 2014, in the District of Vermont, the defendant, TROY CONLEY, aka "Little Ty," knowingly and intentionally distributed cocaine base, a Schedule II controlled substance.

(21 U.S.C. §§ 841(a), 841(b)(1)(C))

## Count 8

The Grand Jury further charges that:

On or about January 27, 2015, in the District of Vermont, the defendant, ZABION BRYANT, knowingly and intentionally distributed heroin, a Schedule I controlled substance.

(21 U.S.C. §§ 841(a), 841(b)(1)(C))

## Count 9

The Grand Jury further charges that:

On or about January 6, 2015, in the District of Vermont, the defendant, SARA WHRITENOUR, knowingly and intentionally possessed with intent to distribute heroin, a Schedule I controlled substance.

(21 U.S.C. §§ 841(a), 841(b)(1)(C))

## Count 10

The Grand Jury further charges that:

On or about February 8, 2015, in the District of Vermont, the defendant, STEFAN W. WILLIAMS, aka "Sam," aka "Shy," aka "S-Dot" knowingly and intentionally possessed with intent to distribute cocaine base, a Schedule II controlled substance, and heroin, a Schedule I controlled substance.

(21 U.S.C. §§ 841(a), 841(b)(1)(C))

## Count 11

The Grand Jury further charges that:

From in or about March of 2014 until in or about March of 2015, in the District of Vermont and elsewhere, the defendants, GARY DELIMA, aka "G," aka "Greg," SHARIF CARGO aka "Jeff," aka "Reef, ANTHONY BROWN, aka "AB," and others, known and unknown to the grand jury, knowingly conspired to violate 18 U.S.C. § 1956(a)(1)(A)(i): to knowingly conduct and attempt to conduct financial transactions affecting interstate and foreign commerce, which involved the proceeds of a specified unlawful activity, that is the conspiracy to distribute heroin and cocaine base described in Count 1, with the intent to promote the carrying on of that unlawful activity, and that while conducting and attempting to conduct such financial transactions knew that the property involved in the financial transactions represented the proceeds of some form of unlawful activity. Specifically, the defendants conspired to deposit cash proceeds from the distribution of heroin and cocaine base in Vermont and Maine into a TD Bank account and withdraw those proceeds in the State of New York.

(18 U.S.C. § 1956(h))

## Forfeiture Notice – No. 1

1. The allegations contained in Count 1 of this Superseding Indictment are hereby realleged and incorporated by reference for the purpose of alleging forfeitures pursuant to 21 U.S.C. § 853.

2. Pursuant to 21 U.S.C. § 853, upon conviction of an offense in violation of 21 U.S.C. §§ 846 or 841(a)(1), the defendants, GARY DELIMA, aka "G," aka "Greg," and SHARIF CARGO, aka "Jeff," aka "Reef," shall forfeit to the United States any property constituting, or derived from, any proceeds obtained, directly or indirectly, as a result of such offenses and any property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, the offenses. The property to be forfeited includes, but is not limited to, the following: United States funds in the amount of the gross proceeds obtained as a result of the violation, in an amount of at least $100,000.

3. If any forfeitable property described above, as a result of any act or omission of the defendant:

   (1) cannot be located upon the exercise of due diligence;

   (2) has been transferred or sold to, or deposited with, a third party;

   (3) has been placed beyond the jurisdiction of the court;

   (4) has been substantially diminished in value; or

   (5) has been commingled with other property which cannot be subdivided

without difficulty, the United States shall be entitled to forfeiture of substitute property pursuant to 21 U.S.C. § 853(p).

(21 U.S.C. § 853)

A TRUE BILL

_____
FOREPERSON

(TCD) Eugenia Cowles
Acting United States Attorney
Burlington, Vermont
March 19, 2015